STEAGALL, Justice.
The plaintiffs, Communications Resources, Inc., John H. Schuler, and William T. Koepsel, sued R. Barry Clements, alleging breach of a stock purchase agreement; breach of fiduciary duty; intentional interference with business relationships; and misappropriation of trade secrets in violation of the Alabama Trade Secrets Act. The plaintiffs sought injunctive relief and compensatory and punitive damages. Clements counterclaimed, alleging fraud and breach of contract and asking the trial court to declare that the covenant not to compete, imbedded in the stock purchase agreement, is unenforceable. The plaintiffs moved to dismiss Clements’s counterclaim, alleging that his claims are subject to arbitration pursuant to an arbitration clause in the stock purchase agreement. The trial court denied the motion to dismiss, but directed the parties “to submit all claims other than the claims for injunctive relief to an arbitrator in compliance with the terms of the stock purchase agreement.” Clements petitions this Court for a writ of mandamus ordering the trial court to vacate its order directing Clements to submit his claims to an arbitrator.
On May 7, 1990, Communications Resources, Schuler, and Koepsel entered into a stock purchase agreement with Clements. The agreement provided, inter alia, that Communications Resources would employ Clements as vice president of the company and that Clements would “perform such duties as may be specified by the Board of Directors of the Company from time to time.” The agreement also contains an arbitration clause, which provides:
“Arbitration. Other than actions described in paragraph 14, the parties hereto agree that if they are unable to resolve any controversy or claim arising out of or relating to this Agreement or breach thereof, such controversy or claim shall be settled by arbitration in accordance [with] the rules and provisions then provided for by the American Arbitration Association, and judgment upon the award rendered may be entered in any court having jurisdiction thereof.”
Paragraph 14 of the agreement provides:
“Injunctive Relief. Clements recognizes and agrees that irreparable loss and injury would result to the Company should Clements fail to obey and comply with any of the foregoing covenants and provisions contained in paragraphs 12 and 13. Clements consequently agrees that, in the event Clements shall be in default under, or commit a breach of, any of the foregoing covenants and provisions, the Company, Schuler and/or Koepsel shall be entitled, in addition to any other rights and remedies they may have at law or in equity, to both preliminary and permanent injunctive relief against Clements to prevent a breach or contemplated breach by Clements of the above covenants and provisions, and to court costs and attorneys’ fees.”
Paragraph 12 contains a covenant on the part of Clements not to compete with Communications Resources anywhere within the states of Alabama, Florida, or Louisiana; paragraph 13 contains provisions prohibiting disclosure of, and use of, confidential information.
*319 Clements argues that the Federal Arbitration Act (“FAA”) does not apply to the stock purchase agreement in this case and that, under Alabama law, the arbitration clause is void and unenforceable.
The FAA applies to a transaction within this state if: (1) the contract involves interstate commerce, and (2) the contract contains an arbitration agreement voluntarily entered into by the parties. Ex parte Alabama Oxygen Co., 452 So.2d 860 (Ala.1984). See, also, Fuller Construction Co. v. Industrial Development Board of the Town of Vincent, [Ms. 89-1793, Nov. 1, 1991], 1991 WL 224754 (Ala.1991). Because it is undisputed that there was an arbitration clause in the stock purchase agreement in this case, this Court must address only the question of whether the agreement was one involving interstate commerce.
This Court set forth the standard for determining whether the agreement has a sufficient nexus with interstate commerce activity to bring the agreement within the coverage of the FAA in Ex parte Warren, 548 So.2d 157, 159-60 (Ala.), cert. denied, 493 U.S. 998, 110 S.Ct. 554, 107 L.Ed.2d 550 (1989):
“We hold that the appropriate standard for making this determination is set forth in a special opinion in Metro Industrial Painting Corp. v. Terminal Construction Co., 287 F.2d 382 (2d Cir.1961), cert. denied, 368 U.S. 817, 82 S.Ct. 31, 7 L.Ed.2d 24 (1961):
“ ‘[W]hether at the time [the parties] entered into [the contract] and accepted the arbitration clause, they contemplated substantial interstate activity.’
“287 F.2d at 387 (Lumbard, Chief Judge, concurring) (emphasis original). See, also, Burke County Public Schools Board of Education v. Shaver, 303 N.C. 408, 279 S.E.2d 816, 822 (1981) (applying the Metro Industrial test).
“Therefore, the standard here applicable is not the ‘regulating standard’ of ‘affecting interstate commerce’; rather the test for determining whether the transaction involves interstate commerce is a distinct standard unique to the application of the FAA. See Burke, supra, 279 S.E.2d at 822 (footnote 11).”
The plaintiffs argue that, because the covenant not to compete contained in the stock purchase agreement prohibits Clements from competing anywhere within Alabama, Florida, or Louisiana, it is clear that the parties contemplated that they would be engaged in interstate commerce. The plaintiffs allege in their reply brief that “Communications Resources indisputably has engaged in the sale of telecommunications equipment from its office in Birmingham to customers in other states.”
A review of the pleadings and the stock purchase agreement (included with Clements’s petition), however, reveals no support for this allegation. In their complaint, the plaintiffs alleged that “Communications Resources is engaged in the business of telecommunications equipment sales in Jefferson County, Alabama, throughout the states of Alabama, Florida, and Louisiana, as well as various other states.” In his answer to the plaintiffs’ complaint, Clements specifically denied this allegation and admitted only that “Communications Resources is engaged in the business of selling used telecommunication equipment in the Birmingham area, with some infrequent and sporadic sales being made outside the Birmingham area.”
The fact that the covenant not to compete extended to Florida and Louisiana, standing alone, does not provide a sufficient nexus with interstate commerce activity. Based on the facts before us, we are compelled to conclude that the evidence in the record is not sufficient to support a finding that the agreement has a sufficient nexus with interstate commerce activity to bring the agreement within the coverage of the FAA. Accordingly, we turn to the laws of Alabama.
In Fuller Construction Co. v. Industrial Development Board of the Town of Vincent, supra, this Court restated its position that, unless the FAA is applicable, predispute arbitration agreements are void in Alabama as against public policy. On the authority of Fuller Construction Co., we hold that the arbitration clause, to *320 which Clements vehemently objects, is void and that Clements cannot be compelled to arbitrate his claims.
The writ of mandamus is granted, and the trial court is ordered to vacate its order compelling arbitration.
WRIT GRANTED.
HORNSBY, C.J., and SHORES, ADAMS, KENNEDY and INGRAM, JJ., concur.
MADDOX, J., dissents.